UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-00507-BO

**Beth Ford**,

        Plaintiff,

v.

**Greg Boyle**,

        Defendant.

**Order &
Memorandum & Recommendation**

     Plaintiff Beth Ford asks the court to allow her to proceed with her lawsuit against Greg Boyle without paying the required filing fee or other costs normally associated with a civil lawsuit (otherwise known as proceeding "*in forma pauperis*" or "IFP"). The court referred this matter to the undersigned pursuant to 28 U.S.C. § 636(b)(1). In connection with its evaluation of this request, the court must also make an initial inquiry into the viability of the plaintiff's claims. If the court determines that the plaintiff's complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, it must be dismissed. 28 U.S.C. § 1915(e). After reviewing Ford's financial affidavit and her Complaint, the court orders Ford to amend her IFP, but recommends that the Complaint be dismissed without prejudice for failure to state a claim.

**I.    Background**

     On September 28, 2015, Ford, proceeding *pro se*, submitted a Motion to Proceed IFP and a Proposed Complaint. D.E. 1, 1-1. Ford's Motion to Proceed IFP is incomplete as both the financial disclosure statement and the IFP form are unfinished. Additionally, Ford used the short IFP form instead of the long IFP form. The Complaint names Greg Boyle as the sole defendant and alleges copyright infringement. Ford does assert any facts to support her claim. She seeks $20,000 in damages from Boyle to compensate her for the alleged violation of her rights.

## II.     Analysis

As mentioned above, the court must determine whether Ford is allowed to proceed without paying the fees and costs normally associated with civil litigation and whether the Complaint can withstand the review required by 28 U.S.C. § 1915. While it is appropriate to allow Ford to amend her IFP Motion, her Complaint should be dismissed without prejudice because she fails to state a claim upon which relief may be granted. Each of these determinations will be discussed in more detail below.

### A.     Application to Proceed in District Court without Prepaying Fees or Costs

In order to be considered for IFP status, a party must submit an affidavit regarding their monthly income and expenses. Ford's IFP Motion suffers from several deficiencies: she used the incorrect form, the motion is incomplete, and the financial disclosure statement is incomplete.[1] The court cannot rule on an incomplete Motion. Therefore, Ford is DIRECTED to amend her Motion to remedy the aforementioned deficiencies.

Additionally, Ford's exhibits to her IFP Motion contain certain personal information—such as a Social Security Number—that must be redacted or "blacked-out" before filing pursuant to Rule 5.2 of the Federal Rules of Civil Procedure. Accordingly, the Clerk of Court is DIRECTED to temporarily SEAL Docket Entry 1 pending redaction of personal information in compliance with this Order. If a redacted document is not filed within ten (10) days of this Order, the document will be unsealed by the Clerk with no further order of the court.

### B.     Screening Pursuant to 28 U.S.C. § 1915/1915A

In addition to determining whether Ford is entitled to IFP status, the court must also analyze the viability of the claims contained in the Complaint. 28 U.S.C. § 1915(e). The court

---

[1] The court also notes that Ford checked the box indicating that she is a U.S. Government Plaintiff instead of the federal question box on the civil cover sheet.

reviews a complaint to eliminate those claims that unnecessarily impede judicial efficiency and the administration of justice. Specifically, the court must dismiss any portion of the complaint it determines is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B).

A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Ford's status as a *pro se* party relaxes, but does not eliminate, the requirement that her complaint contain facially plausible claims. The court must liberally construe a *pro se* plaintiff's allegations, but it "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. *Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011).

In her Complaint, Ford fails to allege facts that support her claim of copyright infringement. Indeed, Ford did not assert any facts to support her claims—she merely wrote the words "copyright infringement" on the Complaint. Compl. at 2, D.E. 1-1. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The statement of the claim does not require specific facts; instead, it "need only 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Id.* (alteration in original) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, the statement must assert more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Since Ford only asserted the conclusion of copyright

3

infringement without any indication of the type of copyright or the circumstances of the alleged infringement, the court should dismiss her Complaint without prejudice for failing to state a claim upon which relief may be granted.

### III.     Conclusion

For the reasons stated above, Ford is directed to amend her application to proceed *in forma pauperis* and the Clerk of Court is directed to seal Document Entry 1 pending redaction of personal information. If a redacted document is not filed within ten (10) days, the Clerk of Court will unseal Document Entry 1 with no further order of the court. Furthermore, the undersigned recommends that the court dismiss Ford's Complaint without prejudice.

The court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on Ford along with a copy of the correct form. She shall have until 14 days after service of the Memorandum and Recommendation to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If Ford does not file written objections to the Memorandum and Recommendation by the foregoing deadline, she will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, Ford's failure to file written objections**

**by the foregoing deadline will bar her from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins***, 766 F.2d 841, 846-47 (4th Cir. 1985).**

Dated: October 16, 2015

*/s/ Robert T. Numbers II*
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE